Jordan Lewis
646 Banjo Ct.
San Marcos, CA 92069
619-300-1910
JordanLewisLegal@gmail.com



FILED

MAR 11 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JORDAN LEWIS,

    Plaintiff, Pro Se

vs.

AMCOL SYSTEMS, INC.,
AND
PALOMAR HEALTH

    Defendants

Case No.:  '16 CV 0625 JLS  BLM

**COMPLAINT**

## I.  RELATED CASES

**a.** Do you have other Civil Case(s) in this or any other federal court?

No

## II.  STATEMENT OF CLAIM

### a.  Jurisdiction

Plaintiff (Lewis) is a California resident. Defendant AMCOL SYSTEMS, INC (AMCOL) is a South Carolina corporation. Defendant Palomar Health (Palomar) is a Medical District in California. Plaintiff claims the Defendants violated the Federal Fair Credit Reporting Act in June 2015 as well as other claims.

COMPLAINT - 1

### b. Allegations of Fact

Between September 2012 and March 2013, Plaintiff received medical care from Palomar Wound Center in San Marcos, California. On or about January 16, 2013 Palomar sent the Plaintiff a statement in the amount of $267.73. On or about March 18, 2013 Palomar sent the Plaintiff another statement for the same amount, this time stating that the Plaintiff's insurance had already been billed and that the $267.73 was due from the Plaintiff personally.

On or about March 29, 2013, Plaintiff called Palomar at the number provided and was informed the amount now due was $563.04. Plaintiff paid that amount by debit card during the same phone call. The Palomar representative did not indicate there was any other outstanding amount.

Despite the payment in full, Palomar continued to send the Plaintiff statements in the amount of $563.04 (dated April 12, May 7, and June 1 of 2013), the last of which threatens to refer the account to a collection agency. Plaintiff called Palomar and informed the representative of the March payment. The Palomar representative indicated that she located the March payment in her records and that the statements were already paid in full. The representative did not indicate that there was any outstanding amount due.

Palomar then issued statements in the amount of $99.56. That amount was paid by the Plaintiff in August 2013. All of the above-listed statements (January 2013 through the August 2013 payment) listed the account number as 1024593. The Plaintiff did not receive any additional statements from Palomar or any other indication that the Plaintiff had any outstanding balance with Palomar until receiving a letter from AMCOL dated April 10, 2014 which stated that the account

COMPLAINT - 2

had been placed with AMCOL for collection by Palomar Medical Center for the amount of $267.73.

The Plaintiff disputed the debt in a letter to AMCOL dated April 22, 2014 and requested proof of the debt. AMCOL responded in May, 2014 with a copy of the above-referenced January 2013 statement.

In a telephone conversation with an AMCOL representative, Plaintiff indicated that the "proof of the debt" was insufficient in that the debt was already paid in March 2013. Plaintiff requested a list of all charges by Palomar as well as payments made by Plaintiff and Plaintiff's health insurance carrier (Aetna). The Plaintiff and the AMCOL representative both agreed to individually contact Palomar and seek better documentation of the alleged debt.

In late May or early June 2014, Plaintiff contacted Palomar's billing department by telephone. Plaintiff explained the history as well as that the matter was in collection and that Plaintiff was seeking information about whether a debt was owed by Plaintiff to Palomar. The Palomar representative stated she would look into the matter and get back to Plaintiff. In early July 2014, Plaintiff received a letter from Palomar Health Patient Financial Services which states in pertinent part, "As requested, we have included with this letter an itemization of charges and payments for services rendered." The statement, referencing account number 1024593 indicates a $0.00 unpaid balance and makes no reference to any amount being "written off" by Palomar.

Plaintiff received another call from an AMCOL representative. The representative claimed to have received proof of the debt and Plaintiff informed the representative of the zero balance letter. Both Plaintiff and the AMCOL representative agreed to send the other their latest documentation. Plaintiff

received a letter from AMCOL dated Sept. 12, 2014. The letter attached the same January 2013 statement as before.

Subsequently, Plaintiff received another call from an AMCOL representative.  Plaintiff re-explained the above history and stated that without a full accounting of dates of service, charges, and payments made by the Plaintiff directly and his insurer showing an outstanding balance, Plaintiff considered himself paid in full to Palomar and disputed the debt.

After receiving two more calls from AMCOL with no message left, Plaintiff wrote AMCOL on October 31, 2014 notifying AMCOL to cease communications with two exceptions: 1) a letter indicating that the matter was closed or 2) documentation with a full listing of all dates of service, total amounts owed for the services, payments by Plaintiff's health insurance, payments from the Plaintiff directly, and an accounting showing that there was an outstanding balance to be paid by the Plaintiff. Plaintiff received no further communication from AMCOL.

On or about June 2015 AMCOL placed negative information about Plaintiff with all three credit reporting agencies. The negative information was the above-referenced "debt". Plaintiff had no other negative information on his credit reports. AMCOL did not notify Plaintiff of the reporting of this negative information as required by §1681s2(a)7(A) of the Fair Credit Reporting Act.

In June 2015, Plaintiff attempted to purchase solar electricity for his home. The solar contractor's finance company of choice, Dividend Solar, denied Plaintiff financing due to the information provided by AMCOL on the Plaintiff's credit reports. This was Plaintiff's first notice that negative information was placed on the reports by AMCOL.

Plaintiff disputed the claims with all three credit reporting agencies. At least two of those agencies contacted AMCOL. Defendant AMCOL failed to perform an investigation of the dispute as required under the Federal Fair Credit Reporting Act and the California Credit Reporting Agencies Act.

In late June or early July 2015, Plaintiff contacted Palomar's Financial Services Department in another attempt to discover if the debt was actually owed. Plaintiff was told the debt was real and on or about July 6, 2015 Palomar sent Plaintiff a letter with statements attached. The statements do show a bad debt write-off in April 2014, but nowhere does it show the debt was ever owed. In fact, the statements show the payment of $267.73 was applied to the account in question on March 29, 2013. There is no other mention of any outstanding amount until the write-off in April 2014.

Plaintiff made written demands to both AMCOL and Palomar to remove the negative information from Plaintiff's credit reports. Plaintiff received a call from a Palomar representative in August, 2015 who stated that Palomar refused to remove the information and that the only way to have it removed was to pay the $267.73. Plaintiff paid the amount under duress.

### c. Claims

1. Defendants AMCOL and Palomar willfully and recklessly violated 15 U.S. Code §1681s-2(b) and California Civil Code §1785.16 by failing to investigate the disputed entry on the three credit reports.

2. Defendants AMCOL and Palomar willfully and recklessly violated California Civil Code §1785.25(a) by furnishing information they knew or should have known was inaccurate or incomplete.

3. Defendants AMCOL and Palomar Defamed Plaintiff's reputation with malice and a reckless disregard for the truth.

4. Defendants AMCOL and Palomar portrayed Plaintiff in a False Light as one who doesn't pay his debts versus someone who wanted a competent bill to prove that there truly was a debt to be paid. Defendants publicized information to the three major credit reporting agencies which showed Plaintiff in a false light. Plaintiff's reputation was damaged and there was clear and convincing evidence that Defendants knew the publication would create a false impression about the Plaintiff and that they acted in reckless disregard of the truth.

5. Defendants AMCOL and Palomar extorted payment from the Plaintiff in the amount of $267.73. Plaintiff paid Palomar under the duress of having Plaintiff's credit future threatened.

## III. Relief Requested

Plaintiff seeks compensatory, general, special, exemplary and punitive damages for all claims above.

## IV. Demand for Jury Trial

Plaintiff requests trial by jury for all claims triable by a jury.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 11th of March, 2016.

Jordan Lewis, Pro-Se

Jordan Lewis
Print

COMPLAINT - 6